# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:05-CV-47-RLV-DCK

| | |
|---|---|
| CHARLES A. VANOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Attorney's Fees" (Document No. 16) filed October 4, 2006, and "Defendant's Opposition To Plaintiff's Motion For Attorney's Fees" (Document No. 17) filed October 12, 2006. Plaintiff did not file a reply. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will deny Plaintiff's motion.

## I. BACKGROUND

On February 14, 2003, Charles A. Vanover ("Plaintiff") filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging disability beginning January 1, 1995. Plaintiff's claims were denied at the initial and reconsideration stages. Plaintiff requested that his application be amended to reflect a disability onset of February 14, 2003, and he was granted a hearing before an Administrative Law Judge ("ALJ") on November 16, 2004. On December 3, 2004, an ALJ issued a decision finding that Plaintiff was not disabled from February 14, 2003 through the date of the decision. Plaintiff then requested review by the Appeals Council,

which was denied, and thus final decision by the Social Security Administration was rendered on February 25, 2005. Plaintiff filed his "Complaint" (Document No. 1) pursuant to 42 U.S.C. § 405(g), on April 26, 2005, seeking judicial review of the Commissioner's decision. On July 25, 2005, this Court granted Defendant's "Motion For Remand Under Sentence Six of 42 U.S.C. § 405(g)"[1] (Document No. 10), and the Appeals Council remanded the case to an ALJ for further administrative action.

On January 18, 2005, prior to seeking judicial review of the ALJ's December 2004 decision, Plaintiff filed a subsequent application, alleging disability as of January 1, 1995. This subsequent claim was denied initially and on reconsideration, and Plaintiff requested an administrative hearing. The ALJ consolidated the remanded claim and the subsequent claim and held a hearing on May 19, 2006. At that hearing, Plaintiff amended his alleged disability onset date to January 18, 2005.

On August 28, 2006, the ALJ issued a decision favorable to Plaintiff finding that he was

---

[1] Sentence Six of 42 U.S.C. § 405(g) provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

disabled as of January 18, 2005.  On September 7, 2006, the Court entered a "Final Judgment" (Document No. 15) affirming the ALJ's August 28, 2006 decision.

The currently pending "Plaintiff's Motion For Attorney's Fees" (Document No. 16) was filed October 4, 2006.  In that motion Plaintiff contends he is entitled to attorney's fees pursuant to 28 U.S.C. § 2412(b) and (d) as the prevailing party in an action for Social Security disability benefits. Defendant responded with an "...Opposition To Plaintiff's Motion For Attorney's Fees" (Document No. 17) on October 12, 2006, principally asserting that Plaintiff was not a "prevailing party" in this matter and is not entitled to attorney's fees.  No reply has been filed to Defendant's response.

## II.  LEGAL STANDARD

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), a court shall award attorney fees in any civil action brought against the United States to the "prevailing party," unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust.  "The award of attorneys' fees to a prevailing party, therefore, 'is mandatory *unless* the government can demonstrate that its position was 'substantially justified,' or that special circumstances make an award unjust."  Hyatt v. Barnhart, 315 F.3d 239, 244 (4th Cir. 2002) (quoting EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir.1994)).

"A prevailing party is one who succeeds on any significant issue and thereby achieves some of the benefit he sought in commencing the litigation."  Abernathy v. Clarke, 857 F.2d 237, 239 (4th Cir. 1988).  "It is well established that to be a 'prevailing party' a party need only obtain some sought-after relief on a substantial issue in the litigation and that the legal relationship of the parties must be materially altered by the relief granted or the settlement reached."  Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993) (citations omitted).

## III.  DISCUSSION

Defendant's primary opposition to the Plaintiff's motion for attorney's fees is that Plaintiff was not a prevailing party because he did not achieve any of the benefit he sought when he requested judicial review.  Plaintiff's request for review sought to overturn the Commissioner's decision that Plaintiff was not disabled from February 14, 2003 through December 3, 2004.  After Defendant's voluntary remand, Plaintiff abandoned his original claim and amended the claimed onset of his disability to January 18, 2005.  The ALJ consolidated the original claim and the subsequent claim and determined that the onset of Plaintiff's disability was January 18, 2005.  Defendant contends that Plaintiff ultimately received no benefit from the judicial appeal of his case and therefore was not a prevailing party and is not entitled to attorney's fees.  The undersigned agrees.

This Court has previously held that:

> Courts should focus on whether the party seeking attorneys' fees and costs received substantially the relief requested or has succeeded on the central issue in the case. To be entitled to attorneys' fees and costs, a party necessarily does not have to succeed on every issue, but must prevail on the merits of at least some of its case. There must, however, be a determination of the substantial rights of the parties. **A party, therefore, must prevail on more than a procedural issue or must succeed in obtaining more than a remand to the relevant administrative agency for further proceedings**.

Hickory Neighborhood Defense League v. Skinner, 736 F. Supp. 672, 674 (W.D.N.C. 1990) (internal citations omitted) (emphasis added).

Although Plaintiff ultimately received a "favorable" decision from the ALJ, which was affirmed by this Court, that decision was not based on the merits of the original appeal which sought review of the denial of disability for the time period February 14, 2003 through December 3, 2004. Instead, the ALJ decision granted the relief requested by Plaintiff's amended date of onset of

disability. In the end, Plaintiff alleged and got a favorable decision supporting a January 18, 2005 onset of his disability - an onset date that is almost two years later than the onset date originally alleged by Plaintiff, denied by the ALJ, and subject to appeal to this Court for judicial review.

Other courts in similar cases have also reached the conclusion that a plaintiff must eventually obtain at least some of the benefits sought when the claim was originally brought. See Swedberg v. Bowen, 804 F.2d 432, 433 (8th Cir. 1986) ("Before appellee can be a prevailing party he must obtain those benefits which he sought on the original appeal to the district court"); Hanrahan v. Hampton, 446 U.S. 754, 758-59 (1993) (rejecting the assertion of prevailing party status by virtue of a favorable procedural ruling during the course of judicial proceedings); Squires-Allman v. Callahan, 117 f.3d, 918 (5th Cir. 1997) (appellee not entitled to fees since she did not prevail on any significant issue in the litigation she brought); Shalala v. Schaefer, 509 U.S. 292, 301 (1993) (noting distinction between "sentence-four remand, which terminates the litigation with victory for plaintiff, and a sentence-six remand, which does not").

For the foregoing reasons the undersigned will deny Plaintiff's motion for fees. Considering the Court's decision that Plaintiff is not a prevailing party under EAJA, the undersigned finds it unnecessary to determine whether the government's position was "substantially justified." Hickory Neighborhood, 736 F. Supp. at 674; 28 U.S.C. § 2412(d)(1)(A).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Attorney's Fees" (Document No. 16) is **DENIED**.

Signed: November 9, 2007

_____
David C. Keesler
United States Magistrate Judge